J. M. POWELL et al. v. J. K. MORISEY et al.

*Equity—Mistake in Deed, When Corrected—Practice.*

1. Equity will not correct a mistake in a voluntary deed—*e. g.*, by inserting the word " heirs," which was omitted by the inadvertance of the draughtsman; but otherwise, where the deed is supported by a valuable or meritorious consideration.

2. The fact that the consideration in the voluntary deed in this case is " natural love and affection and the sum of one dollar," is not sufficient to establish an intention of the grantor (grandfather) to place himself *in loco parentis* to the grantees (grandchildren), and raise a meritorious consideration.

3. Where an issue of fact is raised before the clerk, no *judgment* can be rendered, but the case must be transferred to the Court for trial. *The Code*, §116. It is only upon questions of law where the clerk must give judgment, from which an appeal may be taken.

(*Day* v. *Day*, 84 N. C., 408; *Hunt* v. *Frazier*, 6 Jones Eq., 90; *Dawson* v. *Dawson*, 1 Dev. Eq., 101; *Mordecai* v. *Boylan*, 6 Jones Eq., 365; *Scott* v. *Moore*, Winst. Eq., 98, and *Taylor* v. *Bostic*, 93 N. C., 415, cited).

SPECIAL PROCEEDING for the sale of land for partition, commenced before the clerk and tried at February Term, 1886, of SAMPSON Superior Court, before *Gilmer, Judge.*

The petitioners allege that James Vann, their ancestor, by deed made in 1860, which is set out in full in the pleadings, conveyed to his grandsons, James N., Harman H., Gibson S., John R., and Edward N. Register, the lands mentioned in the petition, for life, and that the said grandsons are dead and the petitioners are entitled to partition of said land.

The defendants claim the entire interest in the land. They " admit that the deed appears from its face to convey only a life estate, but say that the intention of the grantor was to convey a fee simple estate in said lands to the Registers, and that the word "heirs " was omitted from said deed

by mistake, through the inadvertance of the draughtsman. It appeared to the Probate Court that an issue of fact was raised by the pleadings, and the case was sent up to the Superior Court to be tried by a jury upon the following issue:

"Was it the intention of James Vann, deceased, in making the deed to his grandchildren, James M. Register and others, of the 10th day of April, 1860, to convey a fee simple interest to the grantees therein named in the lands described in the said deed, and were the words of inheritance omitted in said deed by reason of the mistake and inadvertance of the draughtsman?"

To which the jury answered, "Yes."

The plaintiffs contended that a Court of Equity could not correct a mistake in a voluntary deed of conveyance, unless by consent of all parties.

The defendants insisted that a Court of Equity could correct such a mistake in a voluntary deed.

Judgment was rendered for the defendants, from which the plaintiffs appealed.

*Messrs. M. C. Richardson* and *Haywood & Haywood*, for the plaintiffs.

*Mr. J. L. Stewart*, for the defendants.

DAVIS, J. The consideration mentioned in the deed is the "natural love and affection" of the grantor for the grantees, his grandchildren, and the sum of "one dollar;" and the deed recites that "the said James Vann, Sr., has bargained and sold, given, granted, aliened, enfeoffed and conveyed, and does by these presents give, grant, alien, enfeoff and convey (reserving his life estate, or estate during his life, in the following lands): all that lot of land, &c., (describing it) * * * To have and to hold the above described lands and premises to the said James N. Register, Harman H. Register, Gibson S. Register, Jno. R. Register

and Edmund N. Register, saving and reserving the life estate of the said James Vann in the aforesaid lands."

The record is voluminous, but the foregoing is the case on appeal, as settled and signed by counsel for both sides, and present the single question: Could the Court correct the mistake mentioned? "All agreements, so far as the binding efficacy of their promises is concerned, must be referred to one or the other of these causes: a valuable consideration, a mere voluntary bounty, or the performance of a moral duty. The first alone is binding at law, and enables the promiser to enforce the obligation against the obligor. * * * *
The third constitutes the meritorious or imperfect consideration of equity, and is recognized as affection by it, within very narrow limits, although not at all by law. While this species of consideration does not render an agreement enforcible against the promiser himself, nor against any one in whose favor he has altered his original intention, yet if an intended gift, based upon such a meritorious consideration, has been partially and *imperfectly* executed or carried into effect by the donor, and if his original intention remains unaltered at his death, then equity will, within certain narrow limits, enforce the promise thus imperfectly performed as against a third person, claiming by operation of law, who has no equally meritorious foundation for his claim. The equity thus described, as based upon a meritorious consideration, only extends to cases involving the duties either of charity, of paying creditors, or of maintaining a wife and children. This last duty of maintaining children includes persons to whom the promisor stands *in loco parentis*." Pomeroy's Equity Jurisprudence, Vol. 2, § 588.

Upon a review of the authorities, this, we think, is as far as equity has gone, and it will only perfect or correct mistakes in deeds supported by valuable or meritorious consideration.

In *Day* v. *Day,* 84 N. C., 408, the Chief Justice citing *Hunt*

v. *Frazier*, 6 Jones' Eq., 90, says "The jurisdiction to reform deeds is not exercised unless the transaction is based on a *valuable* or *meritorious* consideration,"

In the latter case of *Hunt* v. *Frazier*, the Court refused to reform a deed executed in favor of the wife and children of the brother of the grantor.

"It is," says Judge HALL, in *Dawson* v. *Dawson*, 1 Dev. Eq., 101, "the old beaten ground, long since occupied by the Courts of Equity, *not to aid voluntary conveyances*"

All the cases cited by the counsel for the defendant, in which the mistakes were corrected and the deeds reformed were based upon valuable considerations.

The deed from James Vann to his grandsons was voluntary and without valuable consideration. Was the consideration *meritorious?* Did James Vann stand *in loco parentis* to the grandchildren?

"The proper definition of a person *in loco parentis* to a child, is that of a person who means to put himself in the situation of the lawful father of the child, with reference to the father's office in and duty of making provision for the child." Chitty's Equity Digest—title, "Parties *in Loco Parentis*," and the cases there cited.

The simple fact that the grandfather voluntarily conveyed to the grandchildren is not proof that he intended to assume the office and duty of the father in making provision for them, and in the absence of other evidence the Court cannot assume that he had taken or intended to take upon himself such relation. Upon proof of such relation the consideration becomes meritorious, and Courts of Equity will lend their aid, as in favor of children, but in the absence of proof, they will not. In this case no such proof appears, and the Court cannot reform the deed. A defective execution cannot be supplied in favor of the grandchild. Adams' Equity, 101.

It does not come within the class of cases represented in

*Mordecai* v. *Boylan*, 6 Jones' Eq., 365, and *Scott* v. *Moore*, Winston's Eq., 98, (Hinsdale's Edition, 641).

This disposes of the only question presented in the case on appeal.

The special proceeding was originally commenced in 1879, and the case was before this Court at January Term, 1881, upon appeal of plaintiffs, which appeal was dismissed upon the ground then stated, 84 N. C., 421. The counsel for the appellants now insist that it should have been remanded by the Court below to the clerk of the Superior Court; that there was no judgment rendered by the clerk, and that it could only get properly into the Superior Court in term by an appeal from his judgment. For this he cites *Taylor* v. *Bostic*, 93 N. C., 415.

This is a misapprehension, and if it were not, we do not see how it could avail the appellants. It is only upon questions of law that there must be a *judgment* of the clerk from which an appeal may be taken; but "all issues of fact joined before the clerk shall be transmitted to the Superior Court for trial at the next succeeding term of said Court." *The Code*, § 116.

The appellants claim title under the will of James Vann, deceased, which is set out in the petition. We pass no judgment upon the sufficiency of that title, but only declare that the plaintiffs are not entitled to a reformation of the deed stated in the case.

Error.