AMERICAN TRUST COMPANY, A CORPORATION, AS RECEIVER OF CHARLOTTE BANK AND TRUST COMPANY, v. CHARLES J. ANAGNOS.

(Filed 5 December, 1928.)

**1. Bills and Notes—Requisites and Validity—Consideration—Presumptions.**

Where there is evidence tending to show that the president of a bank had received from the defendant an exchange of notes for the former's benefit, and that the defendant in the bank's action on the note admits its execution and delivery, it is prima facie evidence that the note was

given for a consideration under the provisions of our statutes, C. S., 3004, 3005, and defendant must show failure of consideration when relied upon by him.

**2. Banks and Banking—Functions and Dealings—Officers and Agents.**

Where a president and director of a bank acts in his own interest in procuring from the defendant the note sued on by the bank, which is named payee therein, given for the accommodation of the officer alone, the knowledge of such officer will not be imputed to the bank.

**3. Same.**

Where a bank is made the payee of a note, and the evidence tends to show that it was given to the bank's president for his own accommodation in an exchange of notes, there is a reasonable inference that the exchange of notes was made to enable the president to make illegal use of the funds of the bank.

**4. Bills and Notes—Requisites and Validity—Consideration.**

In law a valuable consideration may consist in some right, interest or benefit accruing to one party, or in some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.

APPEAL by plaintiff from *Harding, J.,* at May Special Term, 1928, of MECKLENBURG. New trial.

Plaintiff brought suit on two notes executed by defendant to the Charlotte Bank and Trust Company, one for $1,600 dated 7 November, 1926, and the other for $5,000 dated 3 December, 1926, payable 3 March, 1927. The defendant admitted his indebtedness on the former note for the full amount less a payment of $250. Judgment was rendered for the amount admitted to be due and the cause was retained for trial on the note for $5,000.

The defendant alleged that on 4 September, 1926, he executed a note to M. A. Turner, who was president of the Charlotte Bank and Trust Company, for $5,000 due 90 days after date; that Turner was a member of the loan committee; that the note was executed at Turner's request and for his accommodation in consideration of a similar note to be executed by Turner to the defendant, both notes having the same date and maturing at the same time; that when the first note became due Turner requested another exchange of notes in renewal; that the defendant made the note in suit payable to the Charlotte Bank and Trust Company, and that the defendant received nothing of value in any way for said note, except the note of M. A. Turner. An issue was submitted to the jury, who found that the defendant was not indebted to the plaintiff. Judgment for defendant; exception and appeal by the plaintiff on error assigned.

*T. C. Guthrie, Jr., for plaintiff.*
*R. T. Puhlman and Thaddeus A. Adams for defendant.*

Adams, J. The plaintiff excepted to the following instructions: "The court charges that the defendant having admitted execution of this note, it will be your duty to answer this issue $5,000 with interest from 3 March, 1927, but if the defendant has satisfied you by the greater weight of the evidence that it was agreed by a representative of the bank that it should not be paid, that he should not be called upon to pay it, but that it was a matter of accommodation of the bank or if you shall find it to be true by the greater weight of the evidence that the note was without consideration, the court charges you defendant would not be liable, then you would answer that issue 'Nothing.'"

Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party for value—value being any consideration sufficient to support a simple contract. C. S., 3004, 3005. It will be noted that the jury was instructed in the alternative as to the agreement "by a representative of the bank" and the want of consideration: the issue should be answered "Nothing" if the agreement was made *or* if there was no consideration for the note. We have no knowledge that any particular finding was the basis of the verdict.

According to the testimony of the defendant, M. A. Turner, who was president of the Charlotte Bank and Trust Company, requested the defendant to give him a note for $5,000 as an accommodation to him, promising to execute to the defendant a note for the same amount. Notes were thus interchanged on 4 September, 1926, and at maturity they were returned to the respective makers. Turner then asked the defendant to execute another note for the same sum in place of the one Turner had returned. The defendant did so, but the Charlotte Bank and Trust Company, not Turner, was named as payee. Turner then gave his note to the defendant.

If the defendant's testimony be accepted, the transaction was intended as an accommodation not to the bank, but to Turner; and if Turner was acting only for his own interest the bank would not be bound by his agreement with the defendant. It is settled law that an officer of a bank cannot bind the bank by his acts in respect to matters in which he is personally interested, and that those who have business with him are deemed to know that he cannot use the funds of the bank for his own benefit. *Grady v. Bank,* 184 N. C., 158; *Bank v. West, ibid.,* 220; *Stansell v. Payne,* 189 N. C., 647; *Quarries Co. v. Bank,* 190 N. C., 277, 280. In *Bank v. Wells,* 187 N. C., 515, it is said: "Ordinarily a bank is presumed to have notice of matters which are known to its president, upon the theory that he will, in the line of his duty, communicate to the bank such information as he has, but the law recognizes the frailty of human nature, and where the president has a personal

interest to serve or is acting in a transaction in his own behalf, the presumption does not obtain that he will communicate to the bank matters which are detrimental to him."

It is not unreasonable to presume that Turner made the Charlotte Bank and Trust Company payee in the defendant's note with the design of using the funds of the bank for his own benefit. If he did so and made use of the funds there is no presumption that he communicated to the bank his agreement with the defendant. On the contrary, under these circumstances, the bank would have parted with its money on the strength of the defendant's note, and the defendant, nothing else appearing, would be liable thereon. It may be true that the defendant received nothing in consideration of his note except the note of Turner. But the note he executed to the bank may have been supported by a valuable consideration though the defendant neither received nor expected to receive any benefit; it is sufficient if the bank was subjected to loss or inconvenience. In a legal sense a valuable consideration may consist in some right, interest or benefit accruing to one party, or in some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other. *Brown v. Ray,* 32 N. C., 73; *Institute v. Mebane,* 165 N. C., 644; *Fawcett v. Fawcett,* 191 N. C., 679; *Fertilizer Co. v. Eason,* 194 N. C., 244.

The instruction complained of is subject to these criticisms: (1) an agreement between Turner and the defendant would not be binding on the bank if Turner was personally interested in getting the amount of the note from the bank for his own benefit—a phase of the case which the jury was not permitted to consider; (2) there is no sufficient evidence that the note in question was executed as a matter of accommodation to the bank; (3) the phrase "without consideration" should be more fully explained in view of the plaintiff's contention that Turner received the amount of the note from the bank and used it for his own benefit. For the error assigned there must be a

New trial.