KATE SIMMS, Plaintiff, *v.* CHARLES SIMMS, JR., and Another, Defendants.

Supreme Court, Bronx County, March 14, 1931.

*M. S. Schector*, for the plaintiff.

*Joseph Z. Zoetzl*, for the defendant.

SHIENTAG, J. The action is for reformation of two deeds on the ground of mistake. On the trial the pleadings were amended to conform to the proof. Plaintiff for upwards of fifteen years was the common-law wife of Charles Simms, Sr., now deceased. The defendant Charles Simms, Jr., is the son of the decedent. Plaintiff at various times secured outside employment, turning her wages over to her husband.

The latter in his lifetime purchased two adjacent lots on the installment plan. The two lots were identical in dimensions. The only distinguishing feature was the lot number. One was designated on the map as lot No. 132, the other as lot No. 133.

Decedent, while he was paying the installments of the purchase price and before he had become entitled to a deed, was permitted to build on the property.

He filed his application and plans with the building department for the erection of a small one-family house on lot 132. By one of those curious and unexplainable mistakes which we should ordinarily expect to find only in fiction the house was built not on lot 132 but on the adjoining lot 133. Whether the mistake was made by the architect, the builder or the bureau of buildings is not known. This much is clear, however: The decedent at all times intended to build on lot 132, thought the house had been placed on that lot and acted on that assumption.

While the house was being constructed, decedent called on the attorney for the vendor for the purpose of receiving a deed to the property. At first he asked that a deed to both lots be made to his wife. He then stated that he wanted his wife, the plaintiff, to have one of the lots and his son, the defendant, the other. Nothing was said about the building. On being shown the map he instructed that his wife be given a deed to lot 132 and his son a deed to lot 133. The son gave no consideration for the deed.

After the completion of the house, which, as has been pointed out, was built on lot 133 instead of lot 132, decedent and plaintiff, his wife, entered into possession and lived in the house until decedent's death. In the meantime, during the life of the decedent, the son, the defendant in this action, entered upon lot 132, and at

his own expense built a bungalow on that lot for himself and lived there.

The son now claims title to the house on lot 133 under his deed, and asserts that plaintiff under her deed is entitled to the lot with the bungalow. The wife of the decedent asks that the two deeds be reformed to carry out the intention of the grantor, the decedent.

Proof, positive and convincing, has been presented by the plaintiff establishing that it was the intention of the decedent to give his wife the lot upon which the house was built and to give to his son the vacant lot.

The acts and conduct of the parties and the statements made by the decedent clearly indicate that all understood this. The evidence is convincing that a mistake was made in the two deeds.

The general rule is that equity will not reform a voluntary conveyance in a suit brought by the grantee against the grantor. The prevailing view appears to be that in such case reformation will not lie as against the heirs at law of the voluntary grantor. (*Strayer* v. *Dickerson*, 205 Ill. 257; *Powell* v. *Morisey*, 98 N. C. 426; Story Eq. Juris. [14th ed.] § 982; Pom. Eq. Juris. [2d ed.] § 2100.) On this point, however, there is authority to the contrary. (*McMechan* v. *Warburton*, [1896] 1 Irish L. R. 435; *Lawrence* v. *Clark*, 115 S. C. 67; *Laundreville* v. *Mero*, 86 Mont. 43.)

The relation of the plaintiff to the decedent places her in a stronger position than that of a mere volunteer. (*Crawley* v. *Crafton*, 193 Mo. 421; Story Eq. Juris., *supra*.)

In any event, the controversy in the instant case is not between the grantee and the grantor, or even between grantee and the heirs at law of the voluntary grantor. Viewing it in a light most favorable to the defendant, it is, in effect, a controversy between two grantees under a voluntary settlement concerning their respective grants. (*Adair* v. *McDonald*, 42 Ga. 506; *Weir* v. *Van Tromp*, 16 T. L. R. 531.)

The defendant asks to be maintained in his position, not as heir at law, but as the grantee of the decedent. For the purpose of this suit he is in no better position than a stranger.

Under those circumstances equity not only has the right, it is under a duty to correct the mistake which has been made. Neither principle nor precedent stands in the way of affording the relief necessary to give effect to the true intent of the parties and thus to accomplish a just result. This is indeed a case where " the plastic remedies of the chancery are moulded to the needs of justice." (*Foreman* v. *Foreman*, 251 N. Y. 237, 242.) The two deeds will accordingly be reformed. Submit findings of fact, conclusions of law and decree on notice on or before the 23d day of March, 1931.