BANK OF LEWISTON v. LILLIAN I. HARRINGTON AND C. HOGGARD,
    AND BANK OF LEWISTON v. LILLIAN I. HARRINGTON AND P. C.
    BURKETT.

(Filed 11 October, 1933.)

1. **Bills and Notes A a—Cancellation and surrender of deceased husband's notes to widow held sufficient consideration for widow's notes.**

    Where a widow executes notes to a bank and receives from the bank
    notes executed by her husband before his death, the bank marking the
    husband's notes paid and delivering them to the widow, the widow may
    not maintain that she was not liable on the notes executed by her because
    they were not supported by consideration, the surrender and cancellation
    of the notes executed by the deceased husband and the release of his
    estate from liability being sufficient consideration for the widow's notes.
    *Bank v. Dickson,* 203 N. C., 500, and *Loan Asso. v. Swaim,* 198 N. C., 14,
    cited and distinguished.

2. **Same—Presumption of consideration for negotiable notes.**

    It is presumed, prima facie, that negotiable notes are issued by the
    maker for a valuable consideration, C. S., 3004, with the burden on the
    maker to show failure of consideration when relied on by him.

3. **Contracts A d—**

    Any benefit, right or interest accruing to the promisor, or any forbear-
    ance, detriment or loss suffered or undertaken by the promisee is sufficient
    consideration to support a contract.

APPEAL by defendant, Lillian I. Harrington, from *Daniels, J.,* at
February Term, 1933, of BERTIE. Affirmed.

The above entitled actions were begun and tried in the General
County Court of Bertie County. By consent of the parties, the actions
were consolidated for the purpose of trial, and were tried together.

From judgment in each action that the plaintiff recover of the de-
fendants on the note described in the complaint therein, the amount of
said note, with interest and costs, the defendant, Lillian I. Harrington,
appealed to the Superior Court of Bertie County.

At the hearing of the said appeals, the judgment in each action was
affirmed by the Superior Court, and the defendant, Lillian I. Harring-
ton, appealed to the Supreme Court.

*J. H. Matthews for plaintiff.*
*J. Gay Harrington and J. A. Pritchett for defendant.*

CONNOR, J. The defendant, Lillian I. Harrington, is the widow of
H. G. Harrington, who died intestate in Bertie County on 27 November,
1931. At the date of his death, the said H. G. Harrington was indebted
to the plaintiff (1) in the sum of $250.00, as evidenced by a note exe-

cutcd by him as maker, and endorsed by the defendant, C. Hoggard, and (2) in the sum of $150.00, as evidenced by a note executed by him as principal and by the defendant, P. C. Burkett, as surety. Both these notes were due at or shortly after the death of the said H. G. Harrington.

On 5 December, 1931, at the request of the defendant, C. Hoggard, the defendant, Lillian I. Harrington, executed a note in the sum of $250.00, due and payable on 20 December, 1931. This note was endorsed by the defendant, C. Hoggard, and is payable to the order of the plaintiff. Upon the delivery of this note to it, the plaintiff marked the note which was executed by H. G. Harrington as maker, and endorsed by the defendant, C. Hoggard, "Paid," and delivered the same to the defendant, Lillian I. Harrington. The said note is now held by the plaintiff and has not been paid.

On 7 December, 1931, at the request of the defendant, P. C. Burkett, the defendant, Lillian I. Harrington, executed a note in the sum of $150.00, due and payable on 8 January, 1932. This note was executed by the defendant, P. C. Burkett, as surety, and is payable to the order of the plaintiff. Upon the delivery of this note to it, the plaintiff marked the note which was executed by H. G. Harrington as principal and by the defendant, P. C. Burkett, as surety, "Paid," and delivered the same to the defendant, Lillian I. Harrington. The said note is now held by the plaintiff, and has not been paid.

The contention of the defendant, Lillian I. Harrington, that there was no consideration for either of the notes executed by her, and now held by the plaintiff, cannot be sustained. Both said notes are negotiable instruments, and for that reason are deemed prima facie to have been issued by the defendant, Lillian I. Harrington, the maker of each note, for a valuable consideration. C. S., 3004. There was no evidence at the trial of the actions in the General County Court to rebut this statutory presumption; all the evidence showed affirmatively that each note was issued by the defendant for a valuable consideration. Any benefit to the promisor, or any loss or detriment to the promisee is a sufficient consideration to support a contract. *Fawcett v. Fawcett,* 191 N. C., 679, 132 S. E., 796. In a legal sense, a valuable consideration may consist in some right, interest or benefit accruing to one party, or in some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other. *Trust Co. v. Anagnos,* 196 N. C., 327, 145 S. E., 619. See *Warren v. Bottling Co.,* 204 N. C., 288, 168 S. E., 226; *Basketeria Stores, Inc., v. Indemnity Co.,* 204 N. C., 537, 168 S. E., 822. This principle is elementary, and is applicable to the facts shown by all the evidence in the instant case, which is readily distinguishable from *Bank v. Dickson,* 203 N. C., 500, 166 S. E., 322, and from *Building and Loan*

*Association v. Swaim,* 198 N. C., 14, 150 S. E., 68. In neither of these cases, which are cited by defendant in support of her contentions in this case, had the plaintiff suffered any loss or detriment as a consideration for the note executed by the widow, who had received no benefit by reason of the note. In the instant case the plaintiff had surrendered the notes of the deceased husband, and thereby discharged his estate from liability for said notes. 8 C. J., 219. This was a sufficient consideration for the notes sued on in these actions. There was no error in the judgments of the Superior Court in these actions.

Affirmed.