FRED G. HINSON v. C. L. DAVIS, ADMINISTRATOR OF A. W. DAVIS.

(Filed 19 November, 1941.)

**1. Master and Servant § 44—**

Under the North Carolina Workmen's Compensation Act the insurance carrier who has paid compensation to an injured employee for which the employer was liable under the Act may maintain an action against a third person upon allegations that the negligence of such third person caused the injury, sec. 11, ch. 120, Public Laws 1929, as amended, Michie's Code, 8081 (r), but the rights and liabilities of such third person are in nowise affected by the Act.

2. **Same—Accord between employer and third person does not bar insurance carrier from bringing action in name of employee against such third person.**

A collision between a bus and a car caused the death of the driver of the car and injury to the driver of the bus. The insurance carrier paid compensation to the driver of the bus for which the bus driver's employer was liable under the Workmen's Compensation Act, and instituted this action in the name of the employee against the administrator of the estate of the driver of the car. Thereafter the employer paid the administrator a certain sum in full settlement for the death of intestate. The administrator set up this accord as a bar in the action instituted by the insurance carrier in the name of the employee. *Held:* The insurance carrier having been subrogated to the right to maintain the action, the employer cannot affect this right by any act to which the insurance carrier is not a party, and the accord to which neither the employee or the insurance carrier were parties cannot bar their right of action.

3. **Subrogation § 2—**

Where a party has become subrogated to a particular right the subrogor cannot thereafter, to the detriment of the subrogee, modify or waive the subrogated right.

4. **Compromise and Settlement § 2—**

A settlement by which the employer pays the administrator of the third party an agreed sum in satisfaction for alleged wrongful death resulting from a collision between intestate's car and a bus driven by the employee is not an accord and satisfaction between the employee and the compensation insurance carrier as against the administrator, the employee and the compensation insurance carrier not being parties to the accord.

APPEAL by defendant from *Olive, Special Judge,* at September Term, 1941, of MECKLENBURG.

This is an action to recover damages for personal injuries alleged to have been negligently inflicted upon the plaintiff by the defendant's intestate.

The plaintiff was the driver of a bus of the Akers Motor Lines, Inc., and the defendant's intestate was the driver of his own automobile. It is alleged in the complaint that the defendant's intestate negligently drove his automobile to his left side of the highway, when meeting the bus driven by the plaintiff, which caused a collision between the two vehicles resulting in personal injury to the plaintiff. The answer denies the allegation of negligence and pleads the contributory negligence of the plaintiff.

The amended answer, in bar of the plaintiff's right to recover in this action, alleges:

"1. That subsequent to the institution of this action, to wit: on the 4th day of January, 1941, the plaintiff's employer, Akers Motor Lines, Inc., for a valuable consideration made, or caused to be made, a settlement

with the defendant, by the terms of which the plaintiff's employer, Akers Motor Lines, Inc., paid, or caused to be paid, to the defendant damages for the wrongful death of defendant's intestate caused by the negligence of the plaintiff, and the plaintiff's employer, Akers Motor Lines, Inc., at the time and place and on the occasion mentioned in the complaint, and that as a part of said settlement, and in consideration of the sum of money paid to the defendant by or for the plaintiff's employer, Akers Motor Lines, Inc., the defendant duly executed and delivered to or for the plaintiff's employer, Akers Motor Lines, Inc., a full and complete release of any and all claims of the defendant against the plaintiff's employer, Akers Motor Lines, Inc., for damages for the wrongful death of defendant's intestate.

"2. That defendant is advised and believes, and upon such advice and belief alleges, that the settlement referred to in the paragraph next preceding constituted a complete accord, settlement and satisfaction of any and all claims of Akers Motor Lines, Inc., and any person, firm or corporation, including the United States Casualty Company, claiming by, through or under Akers Motor Lines, Inc., and constitutes a bar to any recovery by the plaintiff for or on behalf of Akers Motor Lines, Inc., or its insurance carrier, the United States Casualty Company.

"3. That all of the aforesaid matters and things are hereby specially pleaded in bar of any recovery by, for or on behalf of, Akers Motor Lines, Inc., or its insurance carrier, the United States Casualty Company."

The plaintiff moved the court to strike "paragraphs 1, 2 and 3 of defendant's further answer and defense of the defendant's amended answer. That he was not a party to and did not have any knowledge of any settlement made by his employer with the defendant. That even if such a settlement had in fact been made, it could have no effect on this defendant (plaintiff), and is not material, to the trial of the issues involved in this action."

The motion of the plaintiff was allowed, and to the order striking out the paragraphs of the amended answer mentioned, the defendant excepted and appealed to the Supreme Court, assigning error.

*J. Laurence Jones and R. Hoyle Smathers for plaintiff, appellee.*
*Helms & Mulliss for defendant, appellant.*

SCHENCK, J.    It should be noted in the outset that the action is not instituted in behalf of or in the interest of the plaintiff's employer, Akers Motor Lines, Inc., nor will it in any wise profit thereby. The action is instituted in the name of Hinson, the employee, by the insurance carrier, the United States Casualty Company, which has paid

compensation to the injured employee for which the employer was liable, as is authorized by sec. 11, ch. 120, Public Laws 1929; sec. 1, ch. 449, Public Laws 1933 (N. C. Code of 1939 [Michie], sec. 8081 [r]). The right to so institute the action having accrued to the insurance carrier when it paid the compensation to the employee for which the employer was liable, the employer could not by any act to which the carrier was not a party, disturb or interfere with such right.

The defendant is in no wise affected by the North Carolina Workmen's Compensation Act, ch. 120, Public Laws 1929, and acts amendatory thereof (N. C. Code of 1939 [Michie], secs. 8081 [h], et seq.) He is an outsider and a third party, and is given no rights and is relieved of no liability thereby.

The statute does, however, give certain rights to the employer, the insurance carrier and the employee. Among these being that "when any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all rights and duties of the employer, and may enforce any such rights in the name of the injured employee or his personal representative. . . ."

It is admitted that the United States Casualty Company has accepted the liability of the Akers Motor Lines, Inc., employer of the plaintiff, and is paying plaintiff compensation under an award of the North Carolina Industrial Commission. The casualty company is therefore subrogated to all the rights existing in favor of the employer against defendant, a third party and stranger to the Compensation Act, including the right to "commence an action in his own name and/or in the name of the injured employee or personal representative for damages on account of such injury or death." This subrogated right in the insurance carrier could not by any act of the employer be altered or changed. Any modification or waiver of rights under subrogation to be effectual must be made by the subrogee and not by the subrogor. The subrogor loses the rights, the subrogee gains them, and when gained by the latter they are beyond the power of the former to modify or waive.

"Accord is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon the same account." 3rd Blackstone 15, 1 Amer. Jur., Accord and Satisfaction, par. 1. In the case at bar the party alleged to be the party injuring is the same as the party alleged to be the party injuring in the accord set up in the assailed answer, but the alleged party injured in the former and the alleged party injured in the latter is entirely different. Any "accord, settlement and satisfaction" between the employer, Akers Motor Lines, Inc., and the defendant, was an act to which the plaintiff was an

entire stranger and affected no rights to which the United States Casualty Company, by virtue of the statute, had been subrogated, and could not be properly pleaded as a defense to an action by the plaintiff in behalf of himself or of the casualty company against the defendant. Therefore the order striking out the further answer setting up such a plea was proper.

Affirmed.