JAMES H. JENKINS, ADMINISTRATOR OF THE ESTATE OF EDWIN G. JOHNSON, DECEASED, v. JOHN EVERETT FAIRBANKS FIELDS, NORFOLK TALLOW COMPANY, INC., AND GREENVILLE BY-PRODUCTS COMPANY, INC.

(Filed 20 October, 1954.)

1. **Compromise and Settlement § 1—**

A completed compromise and settlement fairly made between persons legally competent to contract and having the authority to do so with respect to the subject matter of the compromise, and supported by sufficient consideration, operates as a merger of, and bars all right to recover on, the claim or right of action included therein.

2. **Pleadings §§ 20, 31—**

Plaintiff may test the sufficiency of new matter alleged in the answer to constitute a defense or bar either by demurrer or motion to strike, which will be treated as a demurrer *ore tenus.*

3. **Pleadings § 16—**

Failure of a pleading to state a cause of action, or want of jurisdiction over the subject matter of the action, is not waived by pleading to the merits, but objection on these grounds may be made at any stage of the case.

4. **Pleadings §§ 20, 31—**

A demurrer and motion to strike allegations of the answer on the ground that they fail to state a defense or bar should not be granted if they state any fact, or combination of facts, which, if true, entitle defendants to some relief.

5. **Compromise and Settlement § 1—Answer held to allege settlement under suspended judgment in criminal prosecution in satisfaction of claim for damages arising out of collision.**

In this action to recover for wrongful death resulting from an automobile collision, defendant alleged that in a prior criminal prosecution growing out of the same collision, he paid, with the consent of the court, a stipulated sum to plaintiff administrator, and agreed to pay a further sum each year for three years, in settlement of damages in the cause, and that in consideration of the settlement, the court signed a suspended judgment which directed that the money be paid plaintiff administrator for the benefit of intestate's children. Defendant further alleged on information and belief that plaintiff accepted the settlement in full for damages to plaintiff's intestate, and pleaded said facts as an accord and satisfaction in bar and as an estoppel. *Held:* Plaintiff's demurrer to such new matter set up in the answer and his motion to strike same were properly denied.

6. **Appeal and Error § 5—**

A question as to the rights of the parties if the facts had been otherwise than as alleged presents a moot question which will not be considered on appeal.

APPEAL by plaintiff from *Bone, J.,* at February Term, 1954, BERTIE. Affirmed.

Civil action to recover damages for the death of plaintiff's intestate as the result of an automobile collision allegedly caused by the actionable negligence of the three defendants.

There is a stipulation in the Record signed by counsel of record that the appeals from the two orders of Bone, J., on plaintiff's motion to strike and on his demurrer as to the defendant Norfolk Tallow Company, Inc., will not be taken up, and the appeals from those two orders shall be controlled and determined by the decision of the Supreme Court on plaintiff's appeals as to the defendant Greenville By-Products Co., Inc.

The complaint against the defendant John Everett Fairbanks Fields and the complaint against the defendant Greenville By-Products Co., Inc., are practically verbatim. Both complaints allege that the defendant Fields was guilty of actionable negligence in the driving of an automobile which had a collision with the automobile being operated by plaintiff's intestate, which resulted in the death of plaintiff's intestate, and that at the time of collision Fields was the employee and agent of the defendant Greenville By-Products Co., Inc., and engaged in the performance of his duties for said company. Each of these two defendants filed separate answers. Paragraph Five of the defendant Fields' further defense and as a bar to plaintiff's recovery alleges: "That the defendant was indicted in the Superior Court of Bertie County for manslaughter in connection with the collision set forth in the cause and that the criminal action was called for trial at the August 1951 Term, and that the plaintiff was represented at said trial by John R. Jenkins, Jr., and Jones, Jones & Jones, Attorneys, the said attorneys appeared as private prosecution in the said cause at the request of plaintiff, and after the case was called for trial, the defendant offered a sum of money as a settlement of damages in said cause, and after various conferences between his attorney and the attorneys representing the plaintiff, he, with the consent of Honorable W. C. Harris, Judge of the Superior Court presiding, paid the sum of $2,000 and agreed to pay the further sum of $500 each year for three (3) years in settlement for damages in the said cause and in consideration of the said settlement for damages in the said cause, the court signed a suspended judgment order against him with the direction in the said judgment that the said money be paid to the plaintiff in this cause for the use and benefit of the children of plaintiff's intestate." Paragraph Six of the further defense alleges: "That defendant understood that he was settling damages for the death of plaintiff's intestate and Mrs. Lillian Gertrude Johnson, when he made the settlement as aforesaid, and that he is advised and believes that the plaintiff accepted the said money as a settlement in full for damages to the plaintiff's intestate, and that he specifically pleads said accord and satisfaction as a bar to plaintiff's recovery in this action." Paragraph Seven of the further defense pleads such facts as *res judicata*. Paragraph

Eight of the further defense pleads such facts as an estoppel. The defendant Greenville By-Products Co., Inc., in its further defense in Paragraphs Five, Six, Seven and Eight alleges the same facts as pleas in bar in practically the same words.

Upon the filing of the answer by the defendant Fields, the plaintiff filed a motion that upon the calling of the case for trial he would move to strike from Fields' further defense all of Paragraphs Five, Six, Seven and Eight, because they allege no valid defense. Upon the day the motion to strike was filed the plaintiff demurred to the defendants' answer as not sufficient to sustain the pleas of accord and satisfaction, res judicata and estoppel. The plaintiff filed a similar motion to strike and a demurrer as to the answer of the defendant Greenville By-Products Co., Inc. After the motions to strike and the demurrers were filed, the plaintiff filed a reply in each case denying Paragraphs Five, Six, Seven and Eight of the further answers.

Judge Bone entered an order striking Paragraph Seven from Fields' further defense, and denying the motion to strike out Paragraphs Five, Six and Eight. Judge Bone entered a similar order on the motion to strike in the case of plaintiff against the Greenville By-Products Co., Inc. In each case Judge Bone entered an order sustaining the demurrer as to Paragraph Seven, and overruling it as to Paragraphs Five, Six and Eight.

Plaintiff appeals assigning errors.

*Jones, Jones & Jones and John R. Jenkins, Jr.*
*By: John R. Jenkins, Jr., for Plaintiff, Appellant.*
*Bertram S. Nusbaum and Alvin J. Eley for Defendants, Appellees.*

PARKER, J. A completed compromise and settlement fairly made between persons legally competent to contract and having the authority to do so with respect to the subject matter of the compromise, and supported by sufficient consideration, operates as a merger of, and bars all right to recover on, the claim or right of action included therein, as would a judgment duly entered in an action between said persons. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *Hinson v. Davis,* 220 N.C. 380, 17 S.E. 2d 348; *Armstrong v. Polakavetz,* 191 N.C. 731, 133 S.E. 16; *Sutton v. Robeson,* 31 N.C. 380; 11 Am. Jur., Compromise and Settlement, Sec. 23.

Perhaps the earliest compromise recorded was when Abram and Lot settled the strife between them over grazing lands for their cattle. Genesis, Ch. 13, Verses 8 and 9. The law looks with favor on litigants compromising and settling their differences. *Armstrong v. Polakavetz, supra.*

When the defendants alleged new matter in Paragraphs Five, Six, Seven and Eight of their answers by way of affirmative defense as bars to plaintiff's action, the plaintiff had the right to test the sufficiency of

the pleas either by demurrer or motion to strike. *Williams v. Hospital Asso.,* 234 N.C. 536, 67 S.E. 2d 662; *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148, 160 A.L.R. 460. A motion to strike out new matter in an answer because it alleges no valid defense will be treated as a demurrer *ore tenus. Bank v. Hill,* 169 N.C. 235, 85 S.E. 209.

"The plaintiff may in all cases demur to an answer containing new matter, where, upon its face, it does not constitute a . . . defense; and he may demur to one or more of such defenses . . ., and reply to the residue." G.S. 1-141; *Williams v. Hospital Asso., supra.* Failure to state a cause of action, or want of jurisdiction over the subject matter of the action, is not waived by pleading to the merits, and those points can be made at any stage of a case. *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43.

Paragraphs Five, Six and Eight of the defendants' answers cannot be stricken out on motion, nor be overthrown by demurrer, if the paragraphs allege any fact, or combination of facts, which, if true, entitles defendants to some relief. *Mills Co. v. Shaw, Comr. of Revenue,* 233 N.C. 71, 62 S.E. 2d 487; *Fairbanks, Morse & Co. v. Murdock Co.,* 207 N.C. 348, 177 S.E. 122.

Paragraph Five of the defendant Fields' answer alleges: that he "paid the sum of $2,000.00 and agreed to pay the further sum of $500.00 each year for three years in settlement for damages." Paragraph Five of the answer of the defendant Greenville By-Products Co., Inc., alleges, upon information and belief: that the defendant Fields "paid or agreed to pay the sum of $3,500.00 in settlement for damages." These paragraphs do not allege that the sum of $3,500.00 has in fact been paid by Fields to plaintiff. According to the defendants' allegations the plaintiff is still entitled to recover $1,500.00 from Fields, as no part of this amount is alleged to have been paid him. See *Dobias v. White,* 239 N.C. 409, 80 S.E. 2d 23. Therefore, the trial judge was correct in refusing to strike out Paragraphs Five, Six and Eight of the further answer and defense in each case, and in overruling the demurrers to said paragraphs in each case.

Whether the alleged pleas in bar would be valid, if the defendants in addition to the facts alleged, had alleged the actual payment to plaintiff of the sum of $3,500.00, is a moot question not before us for decision, and on this we express no opinion. "The uniform rule adopted by this Court is to the general effect that such questions will not be considered." *Glenn v. Culbreth,* 197 N.C. 675, 150 S.E. 332.

The plaintiff contends in his brief that *Hester v. Motor Lines,* 219 N.C. 743, 14 S.E. 2d 794, is "on all fours with the present cases." The joint answer of the Motor Lines and Helms alleges: that when Coleman was given the suspended sentence "that the mother of the intestate, Mil-

dred Hester, the plaintiff herein, in open court expressly acquiesced and consented to said judgment, and defendants aver that said judgment determines the rights of the plaintiff herein; that any amount which she might have recovered as a result of the death of her daughter has been adjudicated, ordered paid, and has been paid and accepted by the plaintiff herein; and these defendants plead that plaintiff is estopped thereby . . ." The defendant Coleman in his answer alleged the same facts as an estoppel. The allegations of the defendants in the present cases are quite different.

The rulings of the lower court are

Affirmed.