JOSEPH C. DUNN AND WIFE, MOZENE DUNN, NANNIE SNELLINGS AND HUSBAND, THORNTON SNELLINGS, SEATON DUNN, JR., AND WIFE, DORIS DUNN, PEARLENA McMICHAEL AND HUSBAND, OTIS Mc-MICHAEL, ESTHER DOZIER AND HUSBAND, ELBERT DOZIER, AL-BERT DUNN, UNMARRIED, ALTON DUNN AND WIFE, MAMIE DUNN, v. ALFONSO DUNN AND WIFE, SURENA MEDLIN DUNN.

(Filed 11 May, 1955.)

**1. Pleadings § 31—**

If new matter set up in the answer does not constitute a defense, plaintiff may challenge it by motion to strike, which will be treated as a demurrer *ore tenus,* but such motion should not be granted if the allegations contain any fact or combination of facts which, if true, entitle defendant to some relief.

**2. Pleadings §§ 7, 31—**

In an action to set aside a deed on the ground that it was not under seal and was not supported by consideration, defendants' general denial of plaintiffs' allegations entitles them to offer evidence in support of the denial, and therefore action of the court in striking, on the ground of pro-

Dunn v. Dunn.

lixity, allegations in a further defense alleging that the deed was under seal and was supported by valuable consideration will not be held for error in the absence of a showing of prejudice.

**3. Pleadings § 31—**

Upon a motion to strike a further defense, considered as a demurrer *ore tenus*, legal inferences and conclusions of the pleader are to be disregarded, and therefore, where a further defense alleges estoppel and laches without alleging facts constituting estoppel or justifying the application of the doctrine of laches, such further defense is properly stricken.

**4. Limitation of Actions § 15—**

A plea of the statute of limitations, although perfect in form, is demurrable where the plea is irrelevant and constitutes no defense.

**5. Pleadings § 31—**

Where the defendant pleads the three-year statute of limitations as a further defense, but fails to show that the statute of limitations pleaded is relevant as a defense, the striking of the further defense may not be held for prejudicial error.

**6. Same—**

Where plaintiffs attack a deed solely on the ground that it is void for want of a seal, G.S. 22-2, and for failure of consideration, a further defense based upon the assumption that plaintiffs were attempting to create a resulting trust in their favor, is properly stricken as irrelevant.

**7. Trusts § 4c—**

Allegations that the wife furnished the consideration for land conveyed to the husband, and that she was the real and beneficial owner of the land, are sufficient to show a resulting trust in her favor.

**8. Reformation of Instruments § 1—**

Equity will not reform a deed when it is not supported by a valuable or meritorious consideration, since in such event any mistake or defect is a mere failure in a bounty which the grantor was not required to make and hence cannot be required to perfect.

**9. Same—**

This action was instituted to set aside a deed between tenants in common, plaintiff grantors contending that the deed was not under seal. Defendant grantees sought reformation on the ground that the seal was omitted through inadvertence and mistake, and allege, *inter alia,* that the male grantee had a valid claim against the estate of the common ancestor for payment of the expenses of her last sickness and the cost of her funeral, and that the plaintiffs executed the deed to him, partially at least, in satisfaction of this claim. *Held:* The answer alleges a valuable consideration sufficient to support reformation.

**10. Pleadings § 31—**

Where a further defense, *inter alia,* pleads facts sufficient to disclose a valuable consideration for the execution of a deed as a basis for reformation for inadvertence and mutual mistake, motion to strike such further defense is improperly allowed.

**11. Appeal and Error § 40f—**

On appeal from order allowing motion to strike, the Supreme Court will not attempt to chart the course of the trial in advance of the hearing.

**12. Vendor and Purchaser § 2: Deeds § 5: Specific Performance § 1a—**

An instrument ineffectual as a deed because not under seal may nevertheless be enforceable as a contract to convey when it is supported by a valuable consideration.

**13. Pleadings § 31—**

In an action to set aside a deed for want of a seal, a further defense containing allegations to the effect that the instrument was supported by valuable consideration, and seeking specific performance on the theory that it constituted an enforceable contract to convey, states a defense, and motion to strike in the nature of a demurrer *ore tenus*, should be denied.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Frizzelle, J.,* at November Civil Term, 1954, of WAKE.

Civil action to set aside a deed, heard below on motion to strike further defenses set up by the defendants.

The plaintiffs in their complaint allege in substance: that the plaintiffs, Joseph C. Dunn, Nannie Snellings, Seaton Dunn, Jr., Pearlena McMichael, Esther Dozier, Albert Dunn, and Alton Dunn and the defendant Alfonso Dunn are the owners as tenants in common of a 15.25-acre tract of land described in the complaint; that in the Public Registry of Wake County there appears the recorded entry of a purported quitclaim deed embracing this tract of land, made by the plaintiffs and their spouses to Alfonso Dunn under date of 12 October, 1949; that the original deed is in the possession of the defendant Alfonso Dunn; that the deed was and is of no legal effect, for that it is not under seal and was made without consideration; that the record of the deed constitutes a cloud on the title of the plaintiffs, and they pray judgment that the deed be declared void and that the record thereof be canceled.

The defendants by answer deny the alleged defects and aver that the deed is in all respects valid. The defendants also by answer set up six separate further defenses.

The plaintiffs moved to strike all the further defenses on the ground that each is irrelevant and redundant and presents no defense to the action.

At the hearing, the original quitclaim deed was exhibited to the presiding Judge, and counsel for the defendants admitted in open court the instrument is without seal.

Thereafter the court allowed the motion and judgment was entered striking all six further defenses.

From the judgment so entered, the defendants appeal, assigning errors.

*Mordecai, Mills & Parker for plaintiffs, appellees.*

*Dupree & Weaver and Nancy Fields Fadum for defendants, appellants.*

JOHNSON, J.  The plaintiff's motion to strike was treated as a demurrer *ore tenus* and was allowed on the ground that the new matter set up in each of the further defenses alleges no valid defense.  The procedure followed has the sanction of this Court.  *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908; *Williams v. Hospital Asso.,* 234 N.C. 536, 67 S.E. 2d 662; *Bank v. Hill,* 169 N.C. 235, 85 S.E. 209.  However, the rule is that a motion to strike allegations of an answer for failure to state a defense should not be granted if the allegations state any fact, or combination of facts, which, if true, entitle the defendant to some relief.  *Jenkins v. Fields, supra.*  See also *Byers v. Byers,* 223 N.C. 85, bot. p. 91 and top of p. 92, 25 S.E. 2d 466, mid. p. 470; *Batchelor v. Mitchell,* 238 N.C. 351, 78 S.E. 2d 240.

We discuss the stricken defenses *seriatim.*

1. *First defense.*—Here the defendants allege that the recorded entry of the deed as it appears in the Public Registry of Wake County shows on its face "that it is under seal" and is "supported by a consideration." It is not perceived that the defendants are prejudiced by the elimination of these allegations.  The general denial of the plaintiffs' allegation that the deed is not under seal permits the defendants to offer evidence to the effect that the deed is in fact under seal (McIntosh, N. C. Practice and Procedure, 473; 41 Am. Jur., Pleading, section 366), unless perforce their judicial admission to the effect that the deed is not under seal precludes them from offering such evidence.  See *Clapp v. Clapp,* 241 N.C. 281, 85 S.E. 2d 153; *Barnwell v. Barnwell,* 241 N.C. 565, 85 S.E. 2d 916.  Moreover, the defendants' general denial of the plaintiffs' allegations of want of consideration suffices to make competent evidence to the effect that the deed is supported by adequate consideration.  Hence the elimination of the first defense may be sustained on the grounds of prolixity (*Chandler v. Mashburn,* 233 N.C. 277, 63 S.E. 2d 553) and failure to show prejudice.  *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660; G.S. 1-153.

2. *Second defense.*—Here the defendants allege that the deed has been of record more than four years.  This lapse of time they plead as an estoppel and as laches, but they do so by mere conclusions of the pleader without alleging facts constituting estoppel or justifying the application of the doctrine of laches.  See 19 Am. Jur., Estoppel, Sec.

193, and 19 Am. Jur., Equity, Sections 498, 509, 510, and 515. The rule is that on motion to strike used as a demurrer only facts properly pleaded are to be considered, with legal inferences and conclusions of the pleader to be disregarded. *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148. See also *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193; *Bank v. Bank,* 183 N.C. 463, 112 S.E. 11. Since the second defense alleges no ultimate facts constituting a defense, the ruling of the court below in striking this defense is free of error.

3. *Third defense.*—Here the defendants plead generally the three-year statute of limitations. However, in their brief it is nowhere pointed out how or wherein the three-year statute is applicable in any aspect as a defense to the plaintiffs' cause of action, and we perceive no ground upon which it may be relevant as a defense. A plea of the statute of limitations, although perfect in form, is demurrable where the plea is irrelevant and constitutes no defense. *Chesapeake & D. Canal Co. v. United States* (C.C.A. 3d), 223 F. 926, L.R.A., 1916B, 734; *Chicago and N. W. R. Co. v. Gillison,* 173 Ill. 264, 50 N.E. 657, 64 Am. St. Rep. 117. See also 34 Am. Jur., Limitation of Actions, Sec. 446. In the absence of a showing, by statement of reason or argument or citation of authority, that the statute of limitations pleaded is relevant as a defense, error in striking this defense has not been made to appear. See Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 554, p. 563; *S. v. Cole,* 241 N.C. 576, p. 581, 86 S.E. 2d 203.

4. *Fourth defense.*—Here the defendants allege that the plaintiffs' attempt to have the deed set aside is in effect an attempt "to create a resulting trust in favor of the grantors . . ." This plea seems to be based on a misconception of the nature of the plaintiffs' cause of action. The plaintiffs nowhere allege or ask for relief on the ground of a trust. On the contrary, they allege that for want of a seal the deed is void. They seek to invoke the established rule that a seal is absolutely indispensable to the validity of a deed in which is conveyed a greater estate in land than a term of three years. G.S. 22-2; *Strain v. Fitzgerald,* 128 N.C. 396, 38 S.E. 929; *Willis v. Anderson,* 188 N.C. 479, 124 S.E. 834. The decision in *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028, cited and relied on by the defendants, is factually distinguishable. The plea set out in the defendants' fourth defense is irrelevant as a defense and was properly stricken.

5. *Fifth defense.*—Here the defendants allege that if the deed is not under seal, it was intended so to be by all parties thereto, and that the omission of the seals was due to the inadvertence of the attorney who prepared the deed and to the mutual mistake and inadvertence of the parties, and the defendants pray judgment for reformation in this respect.

Decision as to the ruling of the court below in striking this defense turns on whether the defendants have alleged that the deed is supported by a valuable or meritorious consideration. This is so for the reason that ordinarily equity will not reform a purely voluntary conveyance, the general rule with us being that equity will not assume jurisdiction to reform a deed unless it be shown that the transaction was based on a valuable or meritorious consideration. *Dawson v. Dawson,* 16 N.C. 93, 99; *Hunt v. Frazier,* 59 N.C. 90, 93; *Powell v. Morisey,* 98 N.C. 426, 4 S.E. 185. See also 45 Am. Jur., Reformation of Instruments, Sec. 28. This rule is based on the proposition that in respect to a voluntary conveyance the grantee has no claim on the grantor, and that any mistake or defect is a mere failure in a bounty which the grantor was not bound to make and hence is not required to perfect. Thus, a volunteer must take the gift as he finds it. In short, one who accepts another's bounty ordinarily will not be heard to say something else should have been given. Annotation: 69 A.L.R. 423, 426.

The plaintiffs contend that the allegations of the Fifth defense show nothing more than a voluntary conveyance. Whereas the defendants urge they have alleged a valuable or meritorious consideration, or both. These contentions, *pro* and *con,* bring into focus the language used in making the plea. While the plea as stated may support other theories of defense, we glean from it this thread of allegation:

1. In 1912 a 30.50-acre tract of land, of which the 15.25-acre tract in suit is a part, was conveyed to Atlas J. Chavis, who was married to Nannie J. Chavis. Atlas died in 1920, being survived by two children, one of whom was Josephine Dunn, who later died intestate, being survived by eight children, her heirs at law, who are parties—plaintiffs and defendant—to this action. The funds with which the "property was originally purchased were provided by . . . Nannie J. Chavis from her income as a colored school teacher; and that she was the real, beneficial owner of said property and was so regarded by all of the members of the family." Following the death of Atlas J. Chavis, the defendant Alfonso Dunn "lived with his grandmother (Nannie J. Chavis) on said property and worked and supported himself and his grandmother; that he paid the taxes against said property as the same became due; and that following the year 1934 when his grandmother became completely disabled to do any work at all, Alfonso Dunn was her sole source of support and livelihood until he was drafted into the Army in the year 1942; that thereafter he made out an allotment in favor of his grandmother which she received during the 36 months he was in the Army until his discharge on December 15, 1945." Thereafter he "lived with his grandmother at the home of her daughter, Dicie Copeland, in Raleigh, . . . and provided her with such support as he was able to

furnish; that he continued to pay the taxes against said property; and that in the year 1947 his grandmother, Nannie J. Chavis, died." Alfonso Dunn also "personally paid all of the funeral expenses and expenses incurred during the last illness of his grandmother . . . and that she left no personal estate out of which he could seek reimbursemnt."

2. That based on the foregoing facts, it was the desire of Nannie J. Chavis and Josephine Davis Dunn, grandmother and mother, respectively, of the defendant Alfonso Dunn, prior to their deaths that the title to the "property should be vested in the defendant Alfonso Dunn, following the death of his grandmother," and these facts were known to the brothers and sisters of Alfonso Dunn.

3. "That it was for the purpose, and the sole purpose of giving effect to the intention of their mother and grandmother as aforesaid and in consideration of the fact that Alfonso Dunn had lived with his grandmother, Nannie J. Chavis, all of his life and had supported and cared for her to the day of her death; the fact that he had paid the taxes against said property and had paid all the moneys necessary to keep it up; and the fact that he had furnished all the money for his grandmother's funeral expenses that the plaintiffs knowingly and voluntarily executed and delivered to Alfonso Dunn the said deed of October 12, 1949 . . .; that said deed, although not requiring for its validity a consideration as between the parties thereto, was in fact supported by a good and valuable consideration; and that it was, and by all parties thereto was intended to be a good and sufficient deed for the purposes therein expressed and for all other purposes."

The foregoing allegations when liberally construed in favor of the pleader, as is the rule on motion to strike used as a demurrer, are sufficient to show: (1) that Nannie J. Chavis was the owner of the lands in controversy by virtue of a resulting trust (*Bowen v. Darden*, 241 N.C. 11, 84 S.E. 2d 289; *Rhodes v. Raxter, ante,* 206; 54 Am. Jur., Trusts, Sections 204, 216, and 217); (2) that the defendant Alfonso Dunn, aside from other possible claims, had a valid claim against the estate of Nannie J. Chavis for his payment of the expenses of her last sickness and the costs of her funeral; and (3) that the deed was made, partially at least, in satisfaction of this claim, which was a valuable consideration (*Trust Co. v. Anagnos*, 196 N.C. 327, 145 S.E. 619; *Bank v. Harrington*, 205 N.C. 244, 170 S.E. 916; Thompson on Real Property, Permanent Edition, Vol. 6, Sec. 3205; 16 Am. Jur., Deeds, Sec. 60) sufficient to support the equitable remedy of reformation. 45 Am. Jur., Reformation of Instruments, Sec. 32; Annotation: 69 A.L.R. 423.

It necessarily follows that the motion to strike the Fifth defense should have been overruled under application of the rule that a plea, if good in any respect or to any extent, will not be overthrown by motion

to strike used as a general demurrer. *Jenkins v. Fields, supra* (240 N.C. 776); *Perry v. Doub,* 238 N.C. 233, 77 S.E. 2d 711; *Batchelor v. Mitchell, supra* (238 N.C. 351).

In this view of the case we do not reach for decision the question whether the allegations of the Fifth defense are sufficient to support reformation based on valuable or meritorious consideration otherwise shown by the pleading. It is not the province of an appeal from a ruling on a motion to strike "to have this Court chart the course of the trial in advance of the hearing." *Terry v. Coal Co.,* 231 N.C. 103, 55 S.E. 2d 926.

6. *Sixth defense.*—Here the defendants allege in gist that if the deed is not under seal, in any event the instrument constitutes an enforceable contract by the plaintiffs to convey the lands to the defendant Alfonso Dunn, the "said contract being based upon a good and valuable consideration," and that the defendants are entitled to a decree of specific performance.

The allegation that the contract is based on a valuable consideration when considered with the remaining averments suffices to make good the defendants' plea for equitable relief by way of specific performance. *Willis v. Anderson, supra* (188 N.C. 479); *Chandler v. Cameron,* 227 N.C. 233, 41 S.E. 2d 753. See 49 Am. Jur., Specific Performance, Sec. 17. The rule applicable here is epitomized in the first headnote to *Willis v. Anderson, supra:* "While a deed to lands executed without the seals affixed to the signature of the makers is void, equity will compel its proper execution when the writing itself is sufficient for the purpose and the consideration has been paid by the grantee." It necessarily follows that this plea was erroneously stricken.

The cause will be remanded to the court below for entry of judgment in accord with this opinion.

Error and remanded.

BARNHILL, C. J., took no part in the consideration or decision of this case.