Gaston, •Judge.
 

 After stating the pleadings as aboi e, proceeded as follows;—
 

 The plaintiff exhibits what be insists was the award, and proves its execution by
 
 Philemon Morris,
 
 one of tiie subscribing witnesses. It bears date 11th November, 1811, and in relation to the matters connected with this controversy, it awards that
 
 Elizabeth Ford
 
 shall make
 
 A
 
 deed Jo
 
 Eeuben
 
 and
 
 William Ford
 
 for the land on which she lives, and that
 
 Eeuben
 
 and
 
 William
 
 shall deliver to her twenty seven bushels of corn and eight bushels of wheat annually, and give her the house, in which she lives and one acre of land adjoining, during her life.— The defendant exhibits another instrument executed many months afterwards, by three of the four abitrators, but dated the same day, which she alleges was made on purpose to supply an omission unintentionally left in the foj-mei- instrument, and which she insists contains the true award. This differs from the other solely in this, that it contains a clause in these words, “owing to the “smallness of the tract of land, wo do allow that no ‘‘division take place between
 
 Eeuben
 
 and
 
 William
 
 Ford, “ but each to work and to clear wherever they think proper. and that none of them sell without the approbá- “ tioii of the other.** It is unnecessary to examine which of these contains the definitive award as it is proved by
 
 *416
 
 the testimony of
 
 Butin,
 
 and this proof is cois firmed by the testimony of others, that the contract of
 
 Reuben,
 
 by which he sold ids moiety to
 
 William
 
 and
 
 James Morris,
 
 was made, in the presence and with the approbation of
 
 William Ford.
 

 The plaintiff does not exhibit the bond which lie charges to have been executed by
 
 Reuben Ford
 
 and
 
 Robert Catlett,
 
 conditioned for the making title to the plaintiff and
 
 James Morris,
 
 of the said
 
 Reuben's
 
 moiety in the land, at though he gives parol proof of a sale and payment of the purchase money and of the execution of a bond for the title, but he exhibits a record, from which it appears that a judgment was obtained by the- said plaintiff and
 
 James Morris,
 
 against the said
 
 Reuben
 
 and
 
 Robert,
 
 for tiie sum of
 
 £8T
 
 0 8, at the May term. 1813, of the Mecklenburg Superior Court, and that a
 
 fieri fa-das
 
 issued thereon, and exhibits also a sheriff’s deed purporting to have been executed in consequence of a sale made upon tliatjSen
 
 fadas
 
 on the 2d March, 1814, am! purporting to convey to the plaintiff the undivided moiety aforesaid of the said
 
 Reuben.
 
 The plaintiff further exhibits the will of
 
 Ztbnlon Ford,
 
 devising the whole of this tract to his son
 
 John,
 
 and devising to his wife
 
 Eliza
 
 both the mansion house in which she lives, and her maintenance off tiie plantation during her life. It does not appear from the proofs whether this liou-iO and plantation were on tiie tract devised to
 
 Reuben
 
 or not. The plaintiff proves by
 
 Philemon Morris,
 
 that a few days after the award,
 
 John Ford
 
 ami the defendant
 
 Elisabeth
 
 did execute a deed for the tract of land pttr.su* antly to the award, which deed was witnessed by himself and
 
 James Morris;
 
 and also proves by
 
 Daniel Fox, John Wilson
 
 and
 
 Sugar Dtilin,
 
 that there was such a deed.
 
 Isaac Alexander,
 
 tiie clerk of the court, testifies that this deed was proved in court, and before it was registered, the defendant
 
 Elisabeth
 
 applied to him for it —that lie declined to deliver it to her — but that after? wards, on the application of one of her sons, with th$ permission of the court, he delivered the deed to the sou, who made the application, and
 
 William Wilson
 
 tes
 
 *417
 
 tified that
 
 Reuben
 
 got the deed from the cleric — that
 
 William
 
 obtained it from
 
 Reuben,
 
 stating to
 
 Reuben
 
 that he had held the deed long enough — that upon the delivery
 
 Reuben
 
 charged
 
 William
 
 to take care of it, and called upon
 
 Wilson
 
 to take notice of this delivery and of the charge accompanying it. The declarations of the defendant,
 
 Elizabeth,
 
 produces no testimony to show how she got possession of the deed, when and by whom it was delivered to her, for what cause, under what circumstances or by whose concurrence it was destroyed, or in any manner to explain the fact of the destruction. The exhibits filed shew that on the 28th January, 1814,
 
 John Ford
 
 executed a deed to her for the whole of the land, and thiit on the 2fth of November,
 
 1815, she executed
 
 a deed for the whole of it to the defendant,
 
 William.
 

 In support of the allegation in tiie defendant’s answer of the specific agreement therein set forth to have been made between herself,
 
 John Ford
 
 and the. complainant, she offers testimony tending to shew that some agreement had been made and a bond executed by the parties to testify and secure the performance of this agreement — but no bond is produced, nor its loss accounted for. nor the terms of the agreement shewn. The witnesses who speak of the agreement also represent that one of its conditions was that she should remove from the laud and net return to it, and they state that she removed for a few days only and then returned to the land. The defence, therefore, so far as it rests on this .allegation, is wholly unsupported.
 

 By the admission of the defendants then,
 
 John, Reuben
 
 and
 
 William,
 
 and on the proof against the defendant
 
 Elizabeth,
 
 it clearly appears, that a deed was. executed by two of the defendants,
 
 Elizabeth
 
 and
 
 John,
 
 to the other two defendants
 
 fieuben
 
 and
 
 William,
 
 for the tract of land, whereof the plaintiff claims a moiefy, which deed was effectual to convey the legal estate therein, in every respect except that it wanted (he formula of registration — that the plaintiff purchased at execution sale,
 
 Reuben’s
 
 moiety of the said tract — that after this deed was proved, but before its registration,
 
 *418
 
 ami with a view to defeat the claim of the plaintiff, un-cler this pui-chase, or under thejudgment.it wan wrongfully destroyed by the defendant.
 
 Elizabeth,
 
 so that the same cannot now be obtained for registration — and that the evidence of
 
 Iteubcn’s
 
 title to the moiety, conveyed by the sheriff to the complainant, being thus put out of the way, the other defendants
 
 John, Elizabeth
 
 and
 
 William,
 
 have contrived by a conveyance from
 
 John
 
 to Elizabeth, and then from
 
 Elizabeth
 
 to
 
 William,
 
 to vest the legal, or apparently legal title of the whole land in
 
 William,
 

 An unregistered deed vests in the bargainee an inchoate legal estate, which was liable to seizure uuder an execution, before the passage of tho act subjecting equitable interest to execution sales,
 

 We are of opinion that the plaintiff is entitled
 
 to
 
 be relieved against the fraudulent contrivances. Had
 
 Reuben
 
 been the individual injured by them, he would have been redressed on a bill against the other defendants. In the case of
 
 Tolar
 
 v.
 
 Tolar,
 
 (1
 
 Dev. Equity Reports,
 
 456.) it was decided that if a voluntary deed, fairly obtained, is destroyed by the donor, before reghs-tration, a Court of Equity will compel him to convey the same
 
 property
 
 to the donee, and certainly the same remedy would bo granted against one who claims the property, subsequently to this destruction, and under a
 
 mala Jide
 
 conveyance, from the donor.— The estate which
 
 Reuben
 
 held under the deed thus destroyed, was duly conveyed to the plaintiff, for it was to many purposes a legal interest, although the title was not legally completed. Such an interest it was holden in the case of
 
 Prince v. Sykes
 
 &
 
 Iles,
 
 (1
 
 Hawks,
 
 87,) was liable to seizure amásale, under an execution, before our act of 1812,which authorised the levying of executions upon equitable estates. The bargainee after the execution of the deed, and before the registration has not a mere equity in the land — he has an equity and an incomplete legal title. When the registration takes effect. he is then perfect owner from the time of the execution of the deed. If he dies before^ registration, his wife is entitled to dower, as of a legal estate. If a
 
 pre-cipe
 
 be brought against the bargainee, and a recovery upon it, before enrolment, it is good, for he was tenant of the freehold. If the deed from
 
 Elizabeth
 
 and
 
 John
 
 
 *419
 
 to
 
 Reuben,
 
 liad been registered after tlie purchase, by tlie plaintiff, at the sheriff’s sale, there eoulil be. no question- but tlie plaintiff’s title to the moiety would have been complete, and the defendants cannot be permitted to set up their criminal act in preventing this registration to the prejudice or destruction of this title.
 

 Tlie court does not consider it necessary to enquire whether under the award, directing a conveyance to
 
 William
 
 and
 
 Reuben,
 
 there was- a Men, on- tlie land for the payment to the defendant,
 
 Elizabeth,
 
 of the animal supplies of grain 'which were awarded in her favour.— Certainly no express charge was created. Tlie conveyance actually made was without condition, and tlie plaintiff is entitled to be placed in the same plight, as if the spoliation had not been committed. If the defendant
 
 Elizabeth
 
 could set up such a lien, site should have brought it forward, either by an original, or a cross bill, instead of alleging it as a pretext for her unjustifiable conduct.
 

 The court will declare the plaintiff to be tenant in common with the defendant
 
 William,
 
 in the tract of land set forth in the bill, and decree that that partition bo made thereof. It will also decree that the defendant
 
 William
 
 shall convey and release to the plaintiff all his interest and theesfatein the portion which shall be allotted to the plaintiff in the partition; but that the plaintiff shall not during tlie life of the said
 
 Elizabeth,
 
 disturb her, or the defendant
 
 William,
 
 in the enjoyment of the mansion house, and one acre of land, to be laid off, adjoining thereto — that an arcount be taken of the rents and profits received from the land since tlie purchase of the plaintiff, at tlie sher'ff’s sale, and by whom the same were received, to a moiety whereof, tlie plaintiff is entitled, and that the plaintiff recover his costs from the defendants, to be taxed by the clerk of tlie court.
 

 Per Curiam — Decree accordingly.