*82
 
 Ruffin, C. J.
 

 It seems to the Court that the plaintiffs are clearly entitled to the relief they ask. It is error to say, that an unregistered deed confers only an equity. It is a legal conveyance, and, although it cannot be given in evidence until it be registered, and therefore it is not a perfect legal title, yet it has, as a deed, an operation from its delivery, and so cannot be re-delivered. It may be true, that the party may have to resort to a Court of Equity to render such a deed effectual; but it will there be set up, whether voluntary or for value.
 
 Tolar
 
 v.
 
 Tolar,
 
 1 Dev. Eq. 456.
 
 Plummer
 
 v.
 
 Baskervill,
 
 1 Ire. Eq. 252. Those cases show, that, at the instance of the person, to whom the deed was made, and, of course, of his vendee, the Court of Equity will compel one, who withholds a deed from registration, to produce it for that purpose, or, if he has destroyed it, to supply its place by another. The relief is founded purely on the Ipgal right of the party? by force of the deed executed, and the obstruction to that right by the destruction or suppression of the instrument. Therefore, it would not seem material, whether the defendant had notice of the deed of trust or not; that is, for the purposes of the relief prayed, however it might have availed him, if he had insisted on it as a bar to the discovery. For, the ignorance of a legal title in another does not impair it, as against a second purchaser. But it is not necessary? to decide this point of law, for several reasons. For it is almost impossible to believe, that this defendant had no knowledge of the deed made by Henly of the premises sold to him, as a security for the debts to the defendants for the purchase money?, and made on the very day the bonds for it were executed, and registered in a few days afterwards. Indeed, the answer seems to imply a knowledge of it to some extent-; for it states only, that the defendant had not heard, that the debt to Walker was included in the deed. Now, by a knowledge of the deed, hé is affected with notice of every part of its contents.
 
 *83
 
 However that may be, the defendant cannot defeat the operation of the deed of trust by suppressing his deed to Henly, whether the deed of trust be regarded as either the conveyance of the legal estate, or the assignment of an equity. For, in the second place, if Henly had but an equity, the deed of trust was the first assignment of it and was for value and in writing; and it left nothing in Henly, which he could assign to Coltraine, but the resulting trust after the satisfaction of the debts secured in the deed. But even for that the defendant’s contract was by parol and of no efficiency, by the statute of frauds; and equity follows the law in that respect. Of course, the defendant, as the purchaser of an equity, could get nothing more than his vendor had; and that would leave the deed of trust in full force. The defendant insists, also, on the statute of limitations. But that cannot avail him. If Henly’s title was equitable only, by reason that his deed had not been registered, then Coltraine held the legal title in trust for him, by his own contract; and his possession, though for seven years, would not bar the
 
 cestui que trust
 
 or his assignee. If Henly is to be regarded as the legal owner, notwithstanding the deed was unregistered, then the possession of Coltraine was not under color of title, and therefore would be no bar. He says, indeed, that he claims under Horney’s deed to him, and that is good col- or. But that is only a false appearance, and not the real truth. He did not in fact enter the last time under the purchase and conveyance from Horney, but under his contract with Henly. There might be a difficulty on the. plaintiff in showing that at law; but here the answer discloses the truth, and, in the view of this Court, Coltraine’s possession was derived from Henly, upon an executory contract for a sale and conveyance in fee; and such a possession cannot be treated as adverse, unless it be continued long enough to raise the presumption of a conveyance. But in point of fact his possession was not
 
 *84
 
 for seven years before the bill was filed, but wanted two months of it. It is true, the contract was with Henly in August 1839 ; but Coltraine was let into possession, at that time, of the mill only, and Henly retained the exclusive possession of the houses and all the other parts of the land until November following: and the present suit was brought early in September 1846.
 

 The answer further insists, that the plaintiff might have raised his debt from the personal property conveyed in the deed, and that he ought not, after suffering Henly to dispose of it, to come on the land to his prejudice. The equity of the defendant in this respect would be sound, if the plaintiff had it in his power now to obtain satisfaction out of the other effects, or if, after he knew of the defendant’s purchase, supposing it to be valid — he had released the other effects.
 
 But, prima facie,
 
 a mortgagee has a right to look to all the property, and a purchaser of a part must see, at his peril that the encumbrance is satisfied. He cannot repel the creditor by showing merely, that, if he had not been indulgent, he might at one time have raised his money without interfering with the part he purchased. Of course, if enough of the property remained in the creditor’s reach to pay him, he ought to resort to it; or, if there were several purchasers, they ought to be liable in the inverse order of their purchases. But this is not a case of either of those kinds, as it appears upon the answer, that of the horses, the few cattle and a little furniture, included in the deed, nothing is left, but all consumed or disposed of by Henly; and it is not even stated, whether that was done before or after Coltraine’s purchase.
 

 The Court therefore declares, that the plaintiff Walker is entitled to have the money due him and his costs raised out of the land. We suppose this declaration is all that is requisite, as the defendant will hardly allow the land to be brought to a sale for so small a sup, un
 
 *85
 
 less it be as a mode of now completing his own title at law. But if it should be necessary to resort to a sale, then, in order to render it effectual by securing a good title to the purchaser, it must be decreed, that the defendant produce his deed to Henly, that it may be registered, or that he join in the sale and conveyance ; and to that end there must, in the mean while, be the usual reference to ascertain the plaintiff’s debts and the costs of the suit.
 

 Per Curiam.
 

 Decree accordingly.