WILLIAM EDWARDS v. JOHN DICKINSON.

*Deeds— Unregistered— Waiver of Tort—Damages.*

1. An unregistered deed vests an *inchoate legal estate,* deficient only in the want of registration, under our statute, and when tortiously destroyed by the bargainor after delivery, he will be decreed, in a proper action, to execute another deed for purpose of registration.

2. Where the plaintiff, the bargainee in an unregistered deed from his father-in-law, committed it to the latter to be kept for him during his absence from home, and the father-in-law wrongfully destroyed the deed and executed another to his daughter, plaintiff's wife, and the plaintiff, instead of bringing an action to have the latter deed cancelled and another deed executed to him to be registered, sued the bargainor for the value of the land: *Held,* (1) that there being no express promise to repay the purchase money, none was implied, and plaintiff was not entitled to recover the value of the land; but (2) that his action would lie for the spoliation of his deed, for such damages as plaintiff would suffer in regaining the land and securing a restoration of the deed.

CIVIL ACTION, heard before *Philips, J.,* at Spring Term, 1889, of the Superior Court of ALLEGHANY.

The plaintiff, on the 3d day of August, 1888, sued out of the office of the Clerk of the Superior Court of Alleghany, a summons against the defendant, and simultaneously a warrant of

attachment against his estate, he being a non-resident, and, to complete the service, obtained an order of publication, which was accordingly executed.

At Spring Term, 1889, the defendant's counsel, A. E. Holton and George W. Brown, entered for him a special appearance and moved to dismiss the action, for the reason that notice of attachment had not been given, as directed by law, which was denied; and thereupon they entered a general appearance for him.

The complaint filed, the demurrer thereto, and the ruling of the Court upon the issue thus made, and the judgment rendered, from which the defendant takes an appeal, are as follows:

Plaintiff complains and alleges:

" 1. That on the 23d of January, 1873, he purchased of the defendant a valuable tract of land, lying in our said county of Alleghany, on Little River, adjoining the lands of Morgan Edwards, Solomon Fender and others, being the lands whereon plaintiff now lives; the defendant at the time executed and delivered to plaintiff his several good and sufficient deeds for said lands, and plaintiff paid to defendant the price in full for the same, to-wit: thirty-two hundred dollars.

" 2. That plaintiff took possession of said deeds, but failed at the time to register the same, and kept them in his own possession until about the winter of 1874 or 1875; when about starting to the West, where he expected to remain some time, he deposited said unregistered deeds with defendant, who is his father-in-law, and in whom plaintiff had entire confidence, for safe-keeping, and did not doubt said deeds would be returned when called for.

" 3. That after plaintiff returned from the West he sent to defendant, asking him to return said deeds, but on some pretence he declined to do so; and about the 23d of March, 1885, plaintiff went to defendant and demanded the said

deeds, when he (the defendant) peremptorily refused to give them to plaintiff; and soon thereafter plaintiff discovered that the defendant had, at some time while they were in his possession, mutilated and destroyed said deeds, and had conveyed said land in fee to the wife of the plaintiff, who is defendant's daughter, and intending thereby to advance her out of his estate; and by this act of defendant he has rendered himself wholly unable to surrender said deeds to plaintiff, or to reconvey said land to him, thereby becoming indebted to plaintiff for the value of said land, which, after deducting all just credits to which the defendant is entitled, amounts to twenty-five hundred dollars and interest thereon.

"4. That plaintiff is a resident and citizen of our said county and State, and the defendant, for his whole life, has been, and now is, a citizen of Virginia.

"Plaintiff, therefore, demands judgment:

"(1.) For twenty-five hundred dollars and interest thereon from December, 1873.

"(2.) For such other and further relief as the nature and justice of plaintiff's case demands; and for costs."

The defendant moved to dismiss the proceeding, on the ground that the notice had not been given according to law, and, upon the Court's overruling his motion, the defendant filed a demurrer, as follows:

"1. That the complaint does not state facts sufficient to constitute a cause of action, in that it shows that the title of the lands is still in the plaintiff, and at the time the defendant executed the deed to plaintiff's wife the defendant had no title to the lands, and could not divest the plaintiff's title by such conveyance.

"2. That the plaintiff cannot recover damages for the value of the lands, based upon a destruction or mutilation of plaintiff's title deed, but plaintiff has his remedy to have the same sustained.

" 3. That on the plaintiff's own showing he has title to said lands, and cannot be divested by the defendant without consent of plaintiff.

" Wherefore, defendant demands judgment, that the action be dismissed and the motion of attachment set aside, and for costs."

This cause coming on to be heard upon demurrer to plaintiff's complaint, and the same being heard upon argument of counsel, and the whole matter being considered by the Court:

It is adjudged and declared by the Court, that the said demurrer be, and is hereby, overruled at the cost of the defendant.

It is further adjudged, that the defendant have leave to answer.

*Mr. C. M. Busbee*, for the plaintiff.
*Mr. A. E. Holton*, for the defendant.

SMITH, C. J. The probate and registration of a deed conveying land as a substitute, dispensing with the old form of livery of seizin ( *The Code*, § 1245), have been so far deemed necessary to its efficacy in transferring the estate, that, if before such registration, it be surrendered and cancelled, the title will remain undisturbed in the maker, when no intervening rights of others have been acquired to be affected thereby. This is held in *Hare* v. *Jernigan*, 76 N. C., 471, and many other cases cited in the argument of counsel, down to that of *Southerland* v. *Hunter*, 93 N. C., 310. In the latter case, it is said that registration is now held to be " an inseparable incident to the efficacy of the deed itself."

Yet an unregistered deed is not wholly inoperative as a conveyance of real property, possessing only the force of an executory contract to convey. It is more than an equity. It is an incomplete conveyance of the land, lacking registra-

tion only to make it perfect; and, when registered, relating back to the time of execution and passing the estate from that period.

It is recognized as so far an executed instrument, acting upon the title, that when delivered, if lost before registration, it will be set up in equity and another conveyance decreed, whether it was made upon a valuable consideration or not, against the vendor or his devisees or heirs-at-law. *Hodges* v. *Hodges*, 2 D. & B. Eq., 72; *Plummer* v. *Baskerville*, 1 Ired. Eq., 252.

And this in behalf of a purchaser from the vendee. *McCain* v. *Hill*, 2 Ired. Eq., 176.

It may be sold under execution independently of the act subjecting trust estates to levy and sale. *Morris* v. *Ford*, 2 Dev. Eq., 412.

A conveyance made before, but registered after, death defeats the wife's claim to dower under the former law, in which she only was entitled to claim it in such lands as the intestate owned at his death. *Norwood* v. *Marrow*, 4 D & B., 442.

The surviving wife may have a lost or fraudulently destroyed deed set up, to the end she may have dower in the legal estate assigned her therein. *Tyson* v. *Harrington*, 6 Ired. Eq., 329.

These, and other adjudications in the same line, show that an unregistered deed transmits, not a mere equitable right to have it registered, if existing, or restored in order thereto, by a decree for the execution of another, or in itself accomplishing the same result, but an *inchoate legal estate*, deficient only in the want of registration under the statutory requirement. *Phifer* v. *Barnhart*, 88 N. C., 333.

"An unregistered deed for land passes," in the language of MERRIMON, J., " an *inchoate legal* as well as the *equitable title*, to become complete and absolutely operative for all proper

purposes, according to its true intent, as soon as it shall be registered. *Austin* v. *King,* 91 N. C., 286.

While such is the operation of a deed for land from its delivery, the conveyance may be defeated by its voluntary cancellation by all the parties thereto, and, as between them, the estate left undisturbed in the grantor. *Hare* v. *Jernigan, ante; Beaman* v. *Simmons,* 76 N. C., 43; *Davis* v. *Inscoe,* 84 N. C., 396; *Fortune* v. *Watkins,* 94 N. C., 304.

" But such cancellation," quoting from the opinion in *Austin* v. *King, ante,* "can be made only *by agreement of the parties* to it, or those claiming under them, and it cannot be made fraudulently and to the prejudice of third parties."

There was no consent given by the plaintiff, according to his own allegation, to the destruction of the deed with reference to the making of another, or for other purpose of benefit to him ; but the act was a betrayal of trust, an act of spoliation of a muniment of title, not impairing it or the plaintiff's estate in the land. It was done, not only in disregard of fiduciary obligation, but for the wrongful purpose—a purpose not allowed by law—of vesting the estate in the daughter, for which an ample remedy is afforded in the right to demand another commensurate in its operation with the former, and putting the estate in the plaintiff, after registration, in the plight and condition it would have been had the first been kept and registered, as decided in *Hodges* v. *Spicer,* 79 N. C., 223.

The cancellation, being made with a fraudulent intent, is a tort; the quality of which, as such, is not changed, though the right of action for the tort may be surrendered by the party wronged, by the subsequent submission of the plaintiff to it, with a view to seeking a remedy which might be founded upon a consent originally given upon or without some anticipated advantage to arise out of the cancellation.

Regarding the complaint as waiving the tort, the plaintiff is left without redress; for as there is no positive promise, so

none can be implied in law, to restore the purchase money, or the unpaid part of it, and it is not a case of the failure of consideration, admitting the recovery of the money paid.

If the waiver be permitted, it would leave the plaintiff remediless, because it constitutes no consideration upon which to base an *implied*, in the absence of a positive, promise to return the money in whole or in part. This results from the fact that no promise can be inferred from an act, itself tortious, because of an assent that takes away its quality as such.

But the spoliation is itself a wrong, for which an action will lie and some redress be given by the law, not commensurate with the value of the premises, because the plaintiff can regain them, and his loss will be measured by costs and expenses incurred in securing the restoration of the deed. The judgment overruling the demurrer must, therefore, be affirmed.

No error.                                        Affirmed.