## W. R. HOPKINS v. EMPIRE LUMBER COMPANY.

(Filed 28 May, 1913.)

**Deeds and Conveyances—Ancient Deeds—Copies—Recitals—Seal—Presumptions—Evidence.**

> Where an ancient deed is not produced, but proved by a duly authenticated copy from the registration book, properly introduced in evidence, which recites that the grantor has thereunto subscribed his name and fixed his seal, there is a presumption, when the seal does not appear after the grantor's name, that it was properly affixed, arising from the recital in the instrument.

APPEAL by defendant from *Lane, J.,* at Spring Term, 1912, of CHEROKEE.

Civil action.

The plaintiff recovered judgment, and the defendant appealed.

*M. W. Bell and Zebulon Weaver for plaintiff.*
*W. M. Axley for defendants.*

PER CURIAM. This action is brought to recover damages for trespass upon three tracts of land. These three tracts have definite points called for, which are sufficient, when proven, to locate the lands conveyed.

We think the evidence amply sufficient for that purpose, and that the matter is largely one of fact, and was properly submitted to the jury.

The plaintiff introduced three grants and connected himself with them, but, in deraigning his title, introduced a copy from the registration books of a deed from Lyman W. Gilbert to W. H. Peet, dated 1861, March 1st. There is no seal after the grantor's name, but the instrument concludes as follows: "In testimony whereof I have hereunto subscribed my name and affixed my seal, this the first day of March, 1861."

In case of an ancient deed which is not produced, but is proved from the record, which fails to indicate in any way that the deed was sealed, there is a presumption that the deed was sealed, arising from a recital in the instrument itself that it is sealed. Jones on Real Property, secs. 1073-1075; *Aycock v. R.*

*R.*, 89 N. C., 323; *Heath v. Cotton Mills*, 115 N. C., 202; *Strain v. Fitzgerald*, 130 N. C., 601; *Smith v. Lumber Co.*, 144 N. C., 50; *Edwards v. Supply Co.*, 150 N. C., 176; *Beardsly v. Day*, 52 Minn., 451; *Smith v. Dall*, 13 Cal., 510.

Upon a review of the record we find

No error. ·