### In re James Andrew CRADDOCK and Sheila Cromer Craddock, Debtors.

#### No. 08–50160.

United States Bankruptcy Court, M.D. North Carolina, Winston–Salem Division.

April 9, 2009.

Thomas W. Anderson, Pilot Mountain, NC, for Debtors.

---

### ORDER

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

THIS MATTER came on before the court on April 1, 2009, after due and proper notice, upon the Motion by Debtors to Convey Bare Legal Title to Real Property, or in the alternative, to Convey Real Property. Thomas W. Anderson appeared on behalf of the Debtors, and Julie Luckey appeared on behalf of the Chapter 13 Trustee. After consideration of the evidence presented and other matters of record, the court finds as follows:

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 31, 2008 (the "Petition Date"). On Schedule A, the Debtors listed one parcel of real property with a value of $61,890.00, encumbered by a lien in the amount of approximately $17,000.00. The court entered an Order Confirming Plan on June 6, 2008 providing for monthly plan payments to the Trustee in the amount of $1,220.00 and a minimum dividend of 10% to unsecured creditors. The confirmed plan prohibits the Debtors from transferring any interest in real property having a value greater than $750 without prior approval of the court.

Subsequent to the Petition Date, the male debtor, Mr. Craddock, realized that he had an unscheduled interest in real property. In a warranty deed dated November 2, 1990 (the "Deed"), Mr. Craddock's mother and stepfather, Pansy Doss Wheeling and Cecil Wheeling, had conveyed to Mr. Craddock and his brother, Mark Anthony Craddock, a fee simple remainder interest in real property located in Surry County, North Carolina (the "Property"). The Deed was filed on January 24, 1991 at Book 498 Page 770, Surry County Registry. In executing the Deed, Mrs. Wheeling's intent was to ensure that her sons became owners of the Property after both her and Mr. Wheeling's death. Mrs. Wheeling was aware that she was transferring an interest in the Property such that her sons would be required to sign any deed conveying the Property in the future.[1] Mr. Craddock had no knowledge of the execution or filing of Deed prior to the Petition Date.

On June 19, 2008, at the request of the Wheelings, the Debtors executed a general warranty deed (the "Second Deed") conveying Mr. Craddock's remainder interest in the Property back to the Wheelings. The Second Deed was recorded on January 22, 2009 at Book 1273 Page 678, Surry County Registry. At the time, the Debtors were aware that they were signing papers releasing their rights to the Property after Mrs. Wheeling's death. Mr. Craddock testified that he did not, however, understand that he had a present ownership in the Property. While the court certainly finds no evidence of bad faith on the Debtors' behalf, pursuant to North Carolina law:

> where a person of mature years of sound mind who can read or write signs or accepts a deed or formal contract affecting his pecuniary interest, it is his duty to read it, and knowledge of the contents

---

1. Mr. Wheeling, who is quite elderly, testified at the hearing on the Debtors' motion but was unable to recall with any specificity or certainty the facts or circumstances related to the matter before the court.

will be imputed to him in case he has negligently failed to do so. But this is subject to the qualification that nothing has been said or done to mislead him or to put a man of reasonable business prudence off his guard in the matter. *Elam v. Smithdeal Realty & Ins. Co.*, 182 N.C. 599, 109 S.E. 632, 634 (1921). The court notes that in this instance, there is no evidence that the Debtors were mislead in any manner. The Debtors received no consideration for executing the Second Deed. There is no dispute that the Second Deed is void because the Debtors did not obtain permission from this court to transfer the Property. *See* 11 U.S.C. § 549(a).

On February 13, 2009, the Debtors filed an amended Schedule A indicating that, as a result of the Deed, it appeared that Mr. Craddock had a one half undivided remainder interest in the Property. Nevertheless, the Debtors argue that because the Deed was never delivered to Mr. Craddock, he has no ownership interest in the Property. The Debtors concede that, as a general rule, a deed is presumed to have been delivered at the time it is dated, but they contend that Mr. Craddock's lack of knowledge of the Deed overcomes that presumption. The Debtors request that the court authorize the conveyance of bare legal title to the remainder interest in the Property in the form of a new deed, or that the court authorize the execution of the Second Deed, nunc pro tunc.

■ The Debtors are correct that delivery is essential to the validity of a deed in North Carolina, *e.g. Williams v. North Carolina State Board of Education*, 284 N.C. 588, 598, 201 S.E.2d 889, 895 (1974); however, physical possession of a deed by the grantee is not necessary to accomplish delivery. *Ballard v. Ballard*, 230 N.C. 629, 632–33, 55 S.E.2d 316, 319–320 (1949). Once the grantor has given possession of the deed to a third party without condition

for the benefit of the grantee, the delivery is complete: the deed is "beyond the control of the grantor, and his power of recall is forever gone, because as to him it has been delivered." *Buchanan v. Clark*, 164 N.C. 56, 80 S.E. 424, 427–28 (1913). Accordingly, North Carolina courts have held that "there is an effective delivery of a deed when the grantor causes the instrument to be recorded, notwithstanding the grantee knew nothing of its execution or of its having been filed of record." *Corbett v. Corbett*, 249 N.C. 585, 590, 107 S.E.2d 165, 169 (1959) (citations omitted). In this case, the court finds that the Deed was delivered to the Debtors. Consequently, in January 1991, Mr. and Mrs. Wheeling effectively transferred to Mr. Craddock a one-half undivided remainder interest in the Property, and any transfer of the Debtors' interest in the Property with no consideration in return is not in the best interest of the estate.

■ In the alternative, the Debtors ask the court to find that the fair market value of their interest in the Property is no more than $3,500.00. The tax value of the Property is $41,970.00. According to the North Carolina Department of Revenue valuation tables for life estates, 68.27% of the value of the Property should be attributable to the holders of the life estate, leaving 31.73% to the remaindermen. Using those figures, the value of the remainder is approximately $13,317.08, such that the value of the Debtors' one half interest in their portion of the remainder is $6,658.54. The Debtors contend that the fair market value of the remainder interest is further reduced to $3,500.00 due to the fractured nature of the ownership, but they presented no evidence to support this assertion. After reviewing the evidence presented, the court can only conclude that the fair market value of the Debtors' interest in the Property is $6,658.54.

Based upon the foregoing, it is hereby ORDERED that the Debtors's Motion is DENIED. It is further ORDERED that the Chapter 13 Trustee (*l*)conduct a review of the Debtors' plan within 20 days of the entry of this order to ensure that it complies with the provisions of 11 U.S.C. § 1325(a)(4), and (2) commence an adversary proceeding pursuant to 11 U.S.C. § 549.